IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD VOGAN )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>PENNCRO ASSOCIATES, INC. )<br>)<br>Defendant. )<br>) | Civil Action No.<br><br>07 4843<br><br>FILED<br><br>NOV 16 2007<br><br>By_____ Dep. Clerk |

**COMPLAINT**

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff Donald Vogan is an adult individual residing at 200 Cheyenne Street, Gardner, KS 66030.

5. Defendant Penncro Associates, Inc. is a business entity regularly engaged in the business of collecting debts in this Commonwealth with a principal place for accepting service located at 95 James Way, Suite 113, Southampton, PA 18966. The principal purpose of

Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. **FACTUAL ALLEGATIONS**

6. At all times pertinent hereto, Defendant was hired by FIA Card Services, N.A., to collect a debt relating to consumer purchases that were allegedly originally owed to FIA Card Services, N.A. (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. On or about June 5, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt. During the conversation, Plaintiff indicated he was unable to make a payment on the debt at that time. Additionally, Plaintiff indicated he would not be able to even contemplate making a payment for at least two weeks.

9. Notwithstanding the above, on or about June 7, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Plaintiff again stated he was unable to make a payment at that time.

10. Notwithstanding the above, on or about June 8, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted, including but not limited to twice more that day.

11. Notwithstanding the above, on or about June 9, 2007, at 10:00 a.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

12. In response to the above, on or about June 9, 2007, at 2:00 p.m., Plaintiff contacted Defendant. During the conversation, Plaintiff again indicated he was unable to make a payment on the debt.

12. Notwithstanding the above, on or about June 9, 2007, at 5:35 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Plaintiff told Defendant that he had already spoken with it that day. In response, Defendant apologized and disconnected the phone call.

13. Notwithstanding the above, on or about June 9, 2007, at 5:47 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Plaintiff told Defendant that he had already spoken with it that day. In response, Defendant disconnected the phone call.

14. Notwithstanding the above, on or about June 9, 2007, at 7:00 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Plaintiff questioned why Defendant continued to call him. In response, Defendant falsely indicated that it had no record of any contacts made to Plaintiff that day.

15. Notwithstanding the above, on or about June 10, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

16. Notwithstanding the above, on or about June 10, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

17. Notwithstanding the above, on or about June 12, 2007, at 9:45 a.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Plaintiff again indicated he was unable to make a payment at that time.

18. Notwithstanding the above, on or about June 12, 2007, at 6:30 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

19. Notwithstanding the above, on or about June 12, 2007, at 8:14 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Plaintiff was upset that Defendant had contacted Plaintiff again, and reminded Defendant that he was unable to make a payment at that time. In response, Defendant stated it would mark Plaintiff down as "refusing" to pay. Plaintiff and Defendant began to argue about whether Plaintiff had refused to pay. In concluding the conversation, Defendant indicated it would not call Plaintiff for 24 hours.

20. Notwithstanding the above, on or about June 13, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted, including but not limited to 9:44 a.m., 3:49 p.m., and 5:48p.m. During each contact, when Plaintiff would answer the phone, Defendant would immediately disconnect the call.

21. Notwithstanding the above, on or about June 14, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted, including but not limited to once more that day.

22. Following the above, Defendant continued to contact Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted, including but not limited to once more that day.

23. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt, including but not limited to contacting Plaintiff no less than eighteen (18) times during a nine (9) day period.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## V. CLAIMS

### COUNT ONE - FDCPA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

31. The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

32. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    (b) Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

    (c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

(b) That an order be entered enjoining Defendant from continuing to communicate with Plaintiff in violation of the FDCPA;

(c) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

## VII. JURY TRIAL DEMAND

35. Plaintiff demands trial by jury on all issues so triable.

**Respectfully submitted,
FRANCIS & MAILMAN, P.C.**

BY: /s/ Mark D. Mailman
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
MICHAEL J. SZYMBORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
Attorneys for Plaintiff

Dated: November 16, 2007